MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent. The affidavit which supported the application for a search warrant was insufficient to allow the magistrate who issued the warrant to arrive at an independent determination of the informant’s credibility or reliability. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84
*271 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The trial judge, in granting the defendant’s motion to suppress, relied upon an all but identical case written by Mr. Justice Groves and quoted the following language in the findings, conclusions, and order of the court: “The second prong goes to the trustworthiness of the informant — What caused the police officer to believe the information relayed by the informant? To satisfy this test, an assertion that the informant has previously furnished solid material information of specified criminal activity will suffice. An affidavit does not satisfy the second prong by merely stating that the informant is reliable, or that he has supplied information in the past which proved to be accurate. People v. Brethauer, 174 Colo. 29, 482 P.2d 369 (1971)....” (People v. Montoya, 189 Colo. 106, 538 P.2d 1332 (1975)).
It is not enough, for purposes of the second prong of the AguilarSpinelli test, that the affiant be convinced of the informant’s reliability. The magistrate must be made aware of the facts which provided the basis for that belief.
Here, the only information in the affidavit which could support an independent judgment that the informant was credible is the statement that: “On 4-20-77, the informant supplied your affiant with information that led to the arrest of James Kenneth Cabello, for possession of not more than one ounce of cannabis.”
The statement by the affiant in this case does not rise to the required level. The magistrate was not informed of the nature of the information supplied, that it related to criminal activity, or the chain of causation that led to the arrest. For all that appears, the information related by the informant could have concerned perfectly innocuous conduct. There is no allegation in the affidavit that Cabello was guilty of any offense or was convicted. For all that appears in the affidavit, Cabello may have been acquitted and the information against him supplied by the informant may have proven totally untrustworthy. The fact that the informant acquired and relayed such information would not provide him with the indicia of reliability required by People v. Montoya, supra.
According, I would affirm the ruling of the district court.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN join me in this dissent.